UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL MCCAIN; and SOUTHERN ELECTRICAL RETIREMENT FUND, <br><br>   Plaintiffs, <br><br> v. <br><br> CHRISTINA GILES, and KYLIE RYANN GILES, <br><br>   Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Michael McCain ("Trustee") and Southern Electrical Retirement Fund ("SERF") bring this interpleader and declaratory action, pursuant to Fed. R. Civ. P. 22 and 57, against Christina Giles and Kylie Ryann Giles for a judicial determination of their possible entitlement to a sum of money in possession of SERF.

2. The Trustee is a fiduciary of SERF which is an employee pension benefit plan as that term is defined in ERISA. SERF is operated in compliance with ERISA, 29 U.S.C. §§ 1001, *et seq.*, and is administered in this judicial district.

3. Jurisdiction is invoked pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132(e)(1).

4. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

5. SERF provides for a benefit in the event of a participant's death, and the written plan document required by 29 U.S.C. § 1102(a)(1) provides in pertinent part at Section 6.2 as follows:

> 6.2 – Designation of Beneficiary:
>
> Each Employee or former Employee may designate a primary beneficiary or beneficiaries and a contingent beneficiary or beneficiaries to receive any benefit that may become payable under this Plan by reason of the Employee's death, but

only when such payment is not otherwise payable to the Participant's surviving spouse in accordance with the provisions of Section 5.1 hereof. Such designation shall be made upon forms furnished by the Trustees, and may at any time and from time to time be changed or revoked without notice to the beneficiary or beneficiaries, or if all those so designated predecease him then the Employee shall be deemed to have designated: (a) his surviving spouse; or if none (b) his surviving children, in equal shares; or if none (c) his surviving parents, in equal shares; or if none (d) his surviving brothers and sisters, in equal shares, or if none (e) his estate; in that order of priority, as his beneficiary.

6. At the time of his death on December 11, 2022, Kurt Ryan Giles was a participant in SERF and on March 24, 2016 he designated as beneficiary Christina Giles with a relationship identified as "wife".

7. At the time of his death, Kurt Ryan Giles was survived by one child, Kylie Ryann Giles.

8. Kurt Ryan Giles and Christina Giles divorced on April 28, 2022, and a Marital Dissolution Agreement approved by the Court stated, "Each Party shall be awarded any and all checking, banking, savings, retirement or other depository accounts in their respective names, free of claim of the other".

9. At the time of his death, Kurt Ryan Giles had not changed the beneficiary designation.

10. On December 11, 2022, Christina Giles did not have the relationship of "wife" to Kurt Ryan Giles.

11. Given the factors stated above, Trustee and SERF are in doubt as to whether Christina Giles or Kylie Ryann Giles should receive the death benefit owing due to the death of Kurt Ryan Giles.

12. The Trust Agreement by virtue of which SERF is administered states at Section 13.1 that an action concerning a benefit determination may be commenced within eighteen (18)

months after the determination is rendered. If the death benefit is paid to one of the parties identified above, the other party would have eighteen (18) months within which to file an action against SERF contesting payment of the death benefit.

13. These competing claims for the death benefit of Kurt Ryan Giles subject SERF to the possibility of multiple and inconsistent liability. For that reason, Trustee and SERF respectfully request the Court to declare rights between Christina Giles and Kylie Ryann Giles as to whom SERF should pay the death benefit.

14. SERF is prepared to pay the proper amount to whichever party the Court deems entitled to receive the death benefit.

15. The Court should declare the rights of the parties with respect to the death benefit.

Wherefore, SERF requests the Court enter an order declaring the rights and interests of the parties to the death benefit, and the Court is requested to award attorney fees and costs to SERF, and any other relief to which the Court deems necessary or appropriate.

Respectfully submitted,

/s/ *R. Jan Jennings*
R. Jan Jennings, BPR No. 1536
Michael C. Iadevaia, NY BPR No. 5783295
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com
Email: michaeli@bsjfirm.com